AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
|   TIMOTHY KYLES, ) | |
| ) | |
|                 Petitioner, ) | |
| ) | No. 05 C 6696 |
| v. ) | |
| ) | Wayne R. Andersen |
| EDDIE JONES, Warden, ) | District Judge |
|   Pontiac Correctional Center, ) | |
| ) | |
|                 Defendant. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on Timothy Kyles' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

## BACKGROUND

For the purposes of federal habeas review, "a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we adopt the Illinois Appellate Court's findings of fact as our own.

At trial in the Circuit Court of Cook County, the State's evidence showed that on July 25, 1994, at about 10:15 p.m., Timothy Kovats drove home on a dark blue motorcycle while being closely followed by a brown Oldsmobile containing Petitioner Timothy Kyles and a co-conspirator Stacy Bland. Once Kovats entered his driveway, the Oldsmobile containing Petitioner and Bland blocked the end of the driveway. After initially asking Kovats for directions, Petitioner removed a sawed-off shotgun from the trunk, followed Kovats into the garage, and aimed the gun at his chest. Petitioner told Kovats to move the motorcycle to the end

of the driveway, at which point Petitioner handed Bland the shotgun and drove away on the motorcycle. Kovats identified Petitioner in a photographic lineup later that night.

Petitioner and co-defendant Bland were charged together. On March 10, 1995, Bland pleaded guilty to the charge of aggravated vehicular hijacking and received a seven-year prison sentence. Bland agreed to testify against Petitioner at trial in exchange for the State's promise to write him a letter of recommendation for work release. Bland testified that earlier on the night of July 25, 1994, Petitioner asked Bland to help him enter a house. Petitioner carried a sawed-off shotgun and provided Bland with a .22 caliber rifle, both of which Bland identified at trial. Erma Griffeth testified that around 9 p.m., Petitioner and Bland entered the basement apartment of her house while she was there with her three grandchildren. Griffeth also testified that Petitioner and Bland took her cell phone and left the house after approximately ten minutes. Two days following the home invasion, Griffeth identified Petitioner in a photographic lineup as the man who entered her apartment with a shotgun. At trial, Griffeth identified the guns used by Petitioner and Bland. Additionally, Bland's sister testified that Petitioner knocked on the door of her Milwaukee, Wisconsin residence at about 2:15 a.m. on July 26, 1994, and asked if Bland was there. When Petitioner left her home, he drove a motorcycle that matched the description of Kovats' motorcycle. Petitioner did not testify at his trial.

At the conclusion of testimony, the trial court instructed the jury in pertinent part that:

> Evidence has been received that the defendant was involved in conduct other than that charged in the indictment. This evidence has been received on the issues of the defendant's identification and presence and may be considered by you only for that limited purpose.

The jury found Petitioner guilty of unlawful use of a weapon and aggravated vehicular hijacking. Based on his prior criminal history, Petitioner was sentenced to an extended term of fifty-five

years' imprisonment. Petitioner then appealed, arguing that he was denied the right to a fair trial because the trial court erred in admitting evidence of other crimes, that his fifty-five year sentence was excessive, and that the disparity between his sentence and that of his co-conspirator, Bland, was too great. The judgment was affirmed by the Illinois Appellate Court.

Petitioner filed a post-conviction petition alleging that he was denied his right to effective assistance of trial counsel because counsel refused to allow Petitioner to testify on his own behalf and that he was denied his right to effective assistance of appellate counsel because counsel failed to raise these issues on direct review. Petitioner then filed an amended supplemental post-conviction petition claiming that his extended-term sentence was imposed in violation of the ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He filed a second amended supplemental petition that included an affidavit claiming that Petitioner's trial counsel had repeatedly instructed him not to testify and that Petitioner believed that this decision belonged to trial counsel. In his affidavit, Petitioner averred that trial counsel first told him that he did not think that it was a good idea for Petitioner to testify, and later said that he could not testify due to his criminal history and because it would hurt his appeal. Petitioner further averred that, had he been advised of his constitutional right to testify by counsel or the court, he would have testified at trial. The circuit court dismissed the post-conviction petition and Petitioner appealed to the Illinois Appellate Court.

On appeal, Petitioner claimed that the circuit court erred in dismissing his post-conviction petition since he had made a substantial showing that his right to testify in his own defense was violated when his counsel prohibited him from exercising that right at trial. Petitioner also argued that his extended-term sentence was in violation of the ruling in *Apprendi*.

The Appellate Court affirmed. Petitioner then filed a motion for reconsideration, which was denied.

In his subsequent petition for leave to appeal to the Supreme Court of Illinois, Petitioner reiterated his claim that he was denied his right to testify. The petition for leave to appeal was denied.

On November 23, 2005, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he raises the following claims:

(1) The trial court denied Petitioner of his constitutional right to testify when it failed to inform him that he had such a right.
(2) The trial court failed to inquire whether Petitioner's waiver of his right to testify was a knowing and intelligent waiver.
(3) Petitioner's trial counsel provided ineffective assistance by failing to inform Petitioner that he had a constitutional right to testify and that the ultimate decision of whether to testify belonged to Petitioner.
(4) Petitioner's trial counsel provided ineffective assistance by failing to object when only one juror was removed at trial rather than all of them.
(5) The trial court violated Petitioner's constitutional rights by failing to replace all of the jurors.
(6) Petitioner's constitutional rights were violated when incriminating statements were introduced at trial that had been obtained after the police failed to give him his *Miranda* warning.

## **DISCUSSION**

Federal courts may issue a writ of habeas corpus when Petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides that federal courts may not grant habeas relief under § 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

4

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *See Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Boss v. Pierce*, 263 F.3d 734, 738 (7th Cir. 2001). Habeas relief is available only when the state court applies a rule that contradicts Supreme Court precedent or "the state court confronts a set of facts that is materially indistinguishable from those of a decision of the Supreme Court and nevertheless arrives at a decision different from that reached by the Supreme Court precedent." *Roche v. Davis*, 291 F.3d 473, 481 (7th Cir. 2002). Furthermore, Section 2254 allows for habeas relief only if the state court decision lies "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

Before a federal court may review the merits of a habeas petition, a petitioner must (1) exhaust all remedies available in the state courts, and (2) fairly present any claims in state court first or risk procedural default. *See Chambers v. McGaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). A petitioner must exhaust his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1995). If a petitioner does not fully and fairly present his claims to the state court, then he will be procedurally defaulted from raising the claims for the first time in federal court. Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails "to present a claim to the state courts at the time, and in the way, required by the state . . .." *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

5

I.   Procedurally Defaulted Claims

The most appropriate way to identify Petitioner's procedurally defaulted claims is to determine which claims he raised in his petitions for leave to appeal to the Illinois Supreme Court on direct review and on review following the denial of his post-conviction petition. Since Petitioner must assert his federal claims at each level of state court review, any claim not raised in his petitions to the Illinois Supreme Court is procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In his petition for leave to appeal on direct review, Petitioner raised three claims: (1) the trial court abused its discretion by allowing evidence of other crimes; (2) the fifty-five year sentence was excessive; and (3) the disparity between Petitioner's fifty-five year sentence and his co-defendant's seven-year sentence was unfair. None of these claims are raised in Petitioner's federal habeas petition. In his petition for leave to appeal to the Illinois Supreme Court on post-conviction review, Petitioner raised the following two claims: (1) his attorney would not let him testify and he was never informed, by either his attorney or the court, that he had the right to testify; and (2) the circuit court violated the Illinois Post-Conviction Hearing Act by failing to grant an evidentiary hearing. Only the right to testify claims can be found in Petitioner's federal habeas petition and these claims are preserved for habeas review. However, Petitioner's federal habeas claims regarding the removal of jurors and the *Miranda* issue were never raised in Petitioner's petitions for leave to appeal to the Illinois Supreme Court and, thus, are procedurally defaulted.

A federal court may review a procedurally defaulted claim if Petitioner has established either: (1) "cause for his state court default of any federal claim, and prejudice therefrom," or (2) "a sufficient probability that [the court's] failure to review his federal claim will result in a

6

fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As to the cause and prejudice standard, the Supreme Court has interpreted "cause" to be something external to Petitioner which is both beyond his control and which cannot be fairly attributed to him. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish prejudice, Petitioner "must show not merely that the errors . . . at trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Here, Petitioner has failed to establish cause and prejudice in his petition. He has not offered any explanation for his failure to previously address his claims that the trial court should have replaced all of the jurors, rather than just one, and that his trial counsel provided ineffective assistance by failing to object to the trial court's decision to do so. Additionally, Petitioner's only explanation for his failure to address the *Miranda* issue is that his low educational level prohibits him from understanding the law. Therefore, Petitioner has not shown anything external that qualifies as beyond his control sufficient to establish cause for his procedural default. Moreover, Petitioner has failed to establish prejudice because he has not shown that the alleged errors "infected his entire trial with error of constitutional dimensions." *See id.*

Though Petitioner has failed to establish the cause and prejudice necessary to waive his procedural defaults, he may still overcome those defaults by demonstrating that he fits within the "miscarriage of justice" exception. This exception is limited to those extraordinary cases in which Petitioner is actually innocent of the crime for which he is imprisoned. *See Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). It requires a claim of actual innocence, as opposed to legal innocence, coupled with an allegation of a constitutional claim. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). The miscarriage of justice exception applies only if Petitioner can

7

demonstrate that it is more likely than not that no reasonable jury would have convicted him in the absence of the alleged defect in the state court proceedings. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Petitioner argues that he is innocent of aggravated vehicular hijacking and unlawful use of a weapon because the victim gave him the motorcycle willingly. However, the trial testimony indicates otherwise. Timothy Kovats, identified Petitioner as the man who took his motorcycle at gunpoint. Petitioner's co-conspirator, Bland, also testified and corroborated the victims' accounts of the crimes. Finally, Erma Griffeth testifies that Petitioner broke into her home at gunpoint. Since Petitioner's only evidence of actual innocence are his own statements, which contradict those statements provided by multiple witnesses, he is unable to establish that, but for the alleged errors in his trial, the jury would not have convicted him of aggravated vehicular hijacking and unlawful use of a weapon. Thus, Petitioner has failed to demonstrate that he fits within the "miscarriage of justice" exception necessary to overcome his procedural defaults.

For these reasons, we find that Petitioner's federal habeas claims regarding the removal of jurors and the *Miranda* issue are procedurally defaulted.

II. The Right to Testify Claim

Petitioner has properly preserved for review his habeas claims regarding his right to testify. Petitioner argues for habeas relief on the basis that he was denied the right to testify at trial when both the court and his attorney failed to inform Petitioner that he had a constitutional right to testify. Petitioner further claims that the Illinois Appellate Court was incorrect in holding that the trial court had no obligation to inquire whether Petitioner's waiver of his right to testify was both knowing and intelligent. Petitioner contends that his attorney was aware of his

8

desire to testify but refused to allow him to do so. In support of his claim, Petitioner relies on *Rock v. Arkansas*, which held that a defendant has a constitutional right to testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 49 (1987) ("At this point in the development of our adversary system, it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense."). Since Petitioner's claim alleges that his constitutional right to testify was violated by both the court and the ineffective assistance of his attorney, we will address each issue.

### A. Petitioner's claim that the trial court violated his right to testify

Petitioner argues for habeas relief due to the trial court's alleged failure to inform him of his constitutional right to testify. Petitioner further argues that the trial court had a duty to inquire whether his silence on the issue, which is perceived as a waiver of one's right to testify, was indeed a knowing and intelligent waiver of that right. While it is clearly established federal law that a defendant has a right to testify at his trial, *Rock v. Arkansas*, 483 U.S. 44, little else has been established beyond that general principle. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

In response to Petitioner's post-conviction petition, the Illinois Appellate Court held that a trial court is not required to advise a defendant of his right to testify. *People v. Kyles*, No. 01-01-4263 (Ill. App. Ct., May 14, 2004). The Seventh Circuit has also stated that a trial judge has no duty to inform a defendant of his constitutional right to testify. *United States v. Campione*, 942 F.2d 429, 439 (7th Cir. 1991) ("[W]e disagree with the defendant's attempt to extend [the constitutional right to testify] to impose a duty on the trial judge to inform defendants of their right to testify . . . ."). This approach is followed by the majority of federal circuit courts, as well as the Illinois Supreme Court. *See, e.g., United States v. McMeans*, 927 F.2d 162, 163 (4th Cir.

1991); *People v. Smith*, 176 Ill.2d 217, 235 (1997) ("[W]e join the majority of states in concluding that the trial court is not required to advise a defendant of his right to testify . . .."). In addition to the overwhelming number of federal and state courts that disagree with Petitioner's contention that a trial court has an obligation to inform a defendant of his right to testify, there is no Supreme Court precedent to support his claim either. As a result, we are unable to hold that the state court's determination that a trial court has no duty to inform a defendant of his right to testify was an unreasonable application of clearly established federal law.

In its post-conviction review, the Illinois Appellate Court also held that a trial court is not required to explore whether a defendant knowingly waived his right to testify. *Kyles*, No. 01-01-4263 (Ill. App. Ct., May 14, 2004). Though Petitioner disagrees with the Appellate Court's holding, Seventh Circuit law holds "that courts have no affirmative duty to determine whether a defendant's silence is the result of a knowing and voluntary decision not to testify" and that such an inquiry is not constitutionally required "absent some indication that the defendant has been prevented from exercising [his] right [to testify]." *United States v. Thompson*, 944 F.2d 1331, 1345 (7th Cir. 1991). Furthermore, Illinois law states that a "trial court is not required . . . to inquire whether [a defendant] knowingly and intelligently waived [his] right [to testify]." *Smith*, 176 Ill.2d at 235. Here, the record indicates that Petitioner never alerted the court of his desire to testify. Since a trial court is only required to determine whether a defendant's silence is the result of a knowing and intelligent waiver of his right to testify when there is an indication that defendant has been prevented from exercising his right to testify, Petitioner has failed to show that the state court's judgment involved an unreasonable application of federal law.

10

For these reasons, Petitioner is not entitled to habeas relief on his claim that the trial court violated his right to testify.

> B. Petitioner's claim that counsel provided ineffective assistance by denying him the <u>right to testify</u>

Petitioner next claims that his attorney rendered ineffective assistance of counsel by denying him the right to testify. When analyzing a claim for ineffective assistance of counsel, the court applies the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must establish evidence that: (1) his attorney's performance fell below an objective standard of reasonableness (the "performance prong"), and (2) that counsel's deficiencies prejudiced his defense (the "prejudice prong"). *Id.* at 688-92.

The performance prong requires Petitioner to identify specific acts or omissions that form the basis of his ineffective assistance claim. *Id.* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992).

The prejudice prong requires Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. Courts also presume that there is no prejudice by errors committed. *United States ex rel. Partee v. Lane*, 926 F.2d 694, 700 (7th Cir. 1991). Failure to satisfy either the performance prong or the prejudice prong of the *Strickland* test is fatal to an

ineffective assistance of counsel claim. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

Here, Petitioner claims that his attorney provided ineffective assistance by denying him the right to testify at his trial. Petitioner alleges that he repeatedly informed counsel of his desire to testify, only to be rebuffed each time. Petitioner claims that prior to trial and at the beginning of trial proceedings, he asked counsel if he could testify but was told that placing Petitioner on the stand would hurt his case due to his criminal background. Petitioner claimed that, if given the opportunity, he would have testified at trial that he knew the victim, that the victim owed him money, and that the victim willingly gave Petitioner the motorcycle to use until he was able to pay his debts.

The Illinois Appellate Court held that Petitioner failed to substantially show a denial of his constitutional rights through the ineffective assistance of his counsel. Although Petitioner claimed to have expressed his desire to testify on numerous occasions, the Appellate Court found nothing in the record that showed that he notified either the trial court or his attorney of his wishes despite advice to the contrary. This failure, the Appellate Court determined, is perceived as acquiescence with counsel's strategy and a waiver of one's right to testify. The Appellate Court thus determined that the circuit court properly denied Petitioner an evidentiary hearing on the matter. We agree with the Illinois Appellate Court's determination and avoid engaging in "after the fact second guessing" of trial tactics. *United States v. Olson*, 846 F.2d 1103, 1111 (7th Cir. 1988). Under the circumstances, counsel's recommendation that Petitioner refrain from testifying appears to be a sound trial strategy.

Even if Petitioner was able to satisfy the "performance prong" under *Strickland*, his claim must fail because he was not prejudiced by counsel's decision to withhold him from

12

testifying. At the time of his trial, Petitioner had already pled guilty to two other crimes, a fact that would have significantly undermined his credibility as a witness. Furthermore, overwhelming evidence at trial would have contradicted Petitioner's proposed testimony that the victim gave him his motorcycle willingly. Two victims, one of whom said Petitioner broke into her home at gunpoint, another of whom said Petitioner took his motorcycle at gunpoint, identified Petitioner as the man with the sawed-off shotgun. Additionally, Petitioner's co-conspirator testified and corroborated the victims' accounts of the crimes. If presented with the opportunity to testify, Petitioner's only response to the victims' stories would have been a self-serving statement that the victim, Kovats, gave him the motorcycle willingly. Given the existence of such overwhelming evidence against Petitioner, he is unable to show that, but for counsel's decision to withhold him from testifying, the outcome of the trial would have been different. As such, Petitioner's claim must fail under *Strickland*.

In sum, we do not believe that the Illinois Appellate Court unreasonably applied clearly established federal law in holding that the trial court had no duty to either inform Petitioner of his right to testify or to affirmatively inquire as to whether Petitioner's waiver of that right was knowing and intelligent. Furthermore, Petitioner is unable to demonstrate that his trial counsel provided ineffective assistance by withholding him from testifying at trial. We are not convinced that counsel's trial strategy fell outside the range of professionally competent assistance, and do not believe that the outcome of the trial would have been different had Petitioner been given the opportunity to testify.

For these reasons, Petitioner's request for habeas relief on his right to testify claims is denied.

## CONCLUSION

For the foregoing reasons, Petitioner Timothy Kyles' petition for writ of habeas corpus [12] is denied. This case is hereby terminated.

This is a final and appealable order.

It is so ordered.

                                                  Wayne R. Andersen
                                                  District Judge

Date: September 5, 2007